JUDGE SCHEINDLIN    15 CV 2879

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

YVETTE HARRIS,

                            Plaintiffs,

-against-

THE CITY OF NEW YORK, DET. MARIA LOPEZ
CRUZ, Shield No. 360, Individually and in her Official
Capacity, and P.O.'s "JOHN DOE" #1-10, Individually
and in their Official Capacity (the name John Doe being
fictitious, as the true names are presently unknown,

                            Defendants.

------------------------------------------------------------X



**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

      Plaintiff YVETTE HARRIS by her attorney, The Law Office of Robert W. Georges,

Esq., complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

      1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

### JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff YVETTE HARRIS is an African American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants DET. MARIA LOPEZ CRUZ, and P.O.'s "JOHN DOE" #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about July 18, 2013 at approximately 6:25 a.m., plaintiff YVETTE HARRIS was lawfully present in the premises known as 1230 Webster Avenue, Apartment 5E, in the County of the Bronx in the City and State of New York.

14. At the aforementioned time and place, defendant police officers hammered the door of plaintiff's apartment door using a ram device to gain entry.

15. Upon information and belief, the police officers did not enter pursuant to a valid search or arrest warrant.

16. Upon information and belief, the police officers did not provide a copy of said warrant to plaintiff upon repeated requests.

17. Upon information and belief, the police officers, if they did possess a warrant, did not enter in a manner or at a time authorized in the warrant.

18. Upon information and belief, the plaintiff was not listed or described as a target, subject or suspect on any application for any warrant.

19. Defendant police officers then aggressively entered the apartment with their guns drawn and flash lights on, terrorizing plaintiff and the others in the apartment.

3

20. When defendant officers stormed into the apartment, the plaintiff was brought into the living room and immediately handcuffed.

21. Defendant officers repeatedly yelled at plaintiff that she would be shot if she moved.

22. At all times, plaintiff complied fully with all of the defendants' commands.

23. While plaintiff was in custody, defendant police officers searched and ransacked the entire apartment and did not uncover any controlled substances or evidence of criminal or unlawful activity.

24. Notwithstanding the lack of any evidence or contraband found on plaintiff or within her custody or control, defendants arrested plaintiff and charged her with two counts of Criminal Possession of a Controlled Substance in the Seventh Degree.

25. At no time on July 18, 2013 did plaintiff ever possess or control any contraband, controlled substances or marijuana or behave unlawfully in any way.

26. Plaintiff resides in the above apartment and at no time on July 18, 2013 did she observe any narcotics, contraband, marijuana or illegal substances in plain view or anywhere in said apartment.

27. At no time on July 18, 2013 did defendants possess probable cause to arrest plaintiff.

28. At no time on July 18, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

29. As a result of their unlawful arrest, plaintiff spent approximately thirty-six (36) hours in police custody before being released from custody. Plaintiff was then forced to return to court on October 17, 2013 when the case was dismissed and sealed.

30. In connection with the plaintiff's arrest, defendants filled out false and misleading police reports and forwarded them to the prosecutors at the Bronx County District Attorney's Office.

31. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

32. Specifically, defendants falsely alleged that plaintiff possessed controlled substances and narcotics in the apartment.

33. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

35. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

36. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

41. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

42. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER U.S.C. § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

44. Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

45. Defendants did not make a complete and full statement of facts to the District Attorney.

46. Defendants withheld exculpatory evidence from the District Attorney.

47. Defendants were directly and actively involved in the initiation of criminal proceedings and the filing of the Criminal Court complaint against plaintiff YVETTE HARRIS.

48. Defendants lacked probable cause to initiate criminal proceedings against plaintiff YVETTE HARRIS.

49. Defendants acted with malice in initiating criminal proceedings against plaintiff YVETTE HARRIS.

50. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff YVETTE HARRIS.

51. Defendants lacked probable cause to continue criminal proceedings against plaintiff YVETTE HARRIS.

52. Defendants acted with malice in continuing criminal proceedings against plaintiff YVETTE HARRIS.

53. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

54. Specifically, defendants alleged that plaintiff possessed narcotics and controlled substances inside plaintiff's apartment.

55. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff YVETTE HARRIS'S favor on or about October 17, 2013 when all charges against her were dismissed and sealed.

56. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above paragraphs as if the same were more fully set forth at length herein.

58. Defendants created false evidence against plaintiff YVETTE HARRIS.

59. Specifically, defendants falsely alleged that plaintiff possessed narcotics and controlled substances inside plaintiff's apartment.

60. Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's Office.

61. Defendants misled the prosecutors by creating false evidence against plaintiff YVETTE HARRIS and thereafter providing false testimony throughout the criminal proceedings.

62. In creating false evidence against plaintiff YVETTE HARRIS, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

63. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH AND ENTRY UNDER 42 U.S.C. § 1983

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

65. As a result of the aforesaid conduct by defendants, plaintiff's home and possessions were illegally and improperly entered without consent, a valid warrant, probable cause, privilege or consent, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

66. As a result of the aforesaid conduct by the defendants, plaintiff's home was entered illegally at a time not prescribed in the warrant, in violation of her constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

67. As a result of the aforesaid conduct by the defendants, plaintiff not provided a copy of said warrant upon her request, in violation of her constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

68. As a result of the aforesaid conduct by defendants, plaintiff's home and possessions were illegally and improperly searched without any warrant, probable cause, privilege or consent, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

70. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

71. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, the following unconstitutional practices:

   A. obtaining no-knock warrants misrepresenting to judges the reliability of information received from confidential informants;

   B. entering the premises at a time not authorized in the warrant;

   C. arresting any and all individuals in or around a premises named in a search warrant regardless of probable cause;

   D. refusing to present the warrant to individuals upon request; and

   E. arresting individuals in the absence of probably cause in order to inflate the officers' arrest statistics.

72. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

   - **Middleton v. City of New York**, 09 CV 4656 (plaintiff was arrested along with the occupants of the house as a result of drugs being found in a bedroom where she was not located and held for thirty (30) hours before the District Attorney declined prosecution because there was no evidence consistent with her knowledge or possession of the drugs recovered).

   - **Hoover v. City of New York**, 09 CV 0088 (plaintiff was arrested along with all of the occupants of the apartment because drugs were found secreted in two bedrooms where plaintiff was not located and held for twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with her knowledge or possession of the drugs recovered).

   - **Nunez v. City of New York**, 09 CV 8798 (plaintiffs were arrested along with all of the occupants of an apartment because a gun was found in a locked safe in the one of the occupants room and were held twenty four (24) hours before the

District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the gun).

- **Batista v. City of New York**, 08 CV 7639 (plaintiffs were arrested along with all of the occupants of an apartment as the result of a drugs found in one of the occupants pocket and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

- **Ramos v. City of New York**, 10 CV 1171 (plaintiff was arrested with all other individuals located in an apartment as the result of a single pill of Ciboxen recovered in the owners bedroom nightstand and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

73. The forgoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

74. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff YVETTE HARRIS as alleged herein.

75. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

76. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were unlawfully arrested and detained, and subjected to excessive force.

77. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

78. The acts complained of deprived plaintiff YVETTE HARRIS of her rights:

   A. Not to be deprived of liberty without due process of laws;

  B. To be free from seizure and arrest not based upon probable cause;

  C. To be free from malicious abuse of process;

  D. To be free from unlawful search;

  E. Not to have summary punishment imposed upon them; and

  F. To receive equal protection under the law.

79. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE,** plaintiff YVETTE HARRIS respectfully requests judgment against defendants as follows:

  i. an order awarding compensatory damages in an amount to be determined at trial;

  ii. an order awarding punitive damages in an amount to be determined at trial;

  iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

  iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
   April 1, 2015

            Respectfully submitted,

            The Law Office of
            Robert W. Georges, Esq.

            By: _____
            Robert W. Georges
            233 Broadway, Suite 1800
            New York, New York 10279
            Tel (212) 710-5166
            Fax (212) 710-5162
            rgeorges@georgesesq.com

INDEX NO.                                                                YEAR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVETTE HARRIS,

                               Plaintiff,

-against-

THE CITY OF NEW YORK, DET. MARIA,
LOPEZ CRUZ, Shield No. 360, Individually and
in her Official Capacity, and P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacities,
(the name John Doe being fictitious, as the
true names are presently unknown),

                               Defendants.

## SUMMONS AND COMPLAINT

### THE LAW OFFICE OF ROBERT W. GEORGES, ESQ
*Attorney for* Plaintiff
*Office and Post Office Address, Telephone*
233 Broadway – Suite 1800
New York, New York 10279
(212) 710-5166

Signature (Rule 130-1.1a)

_____

Print Name Beneath

To
Attorney(s) for Defendants

Service of a copy of the within is hereby admitted.                    Dated
                               _____

Attorney(s) for

PLEASE TAKE NOTICE

☐    NOTICE OF ENTRY

       that the within is a (certified) true copy of a
       duly entered in the office of the clerk of the within named court on                    20

☐    NOTICE OF SETTLEMENT

       that an order                                                                      of which the within is a true copy
       will be presented for settlement to the HON.               one of the judges of the
       within named Court, at
       on                              20              at